**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Annycia Rainey, | No. CV-23-01209-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Annycia Rainey seeks review of a final decision by the Commissioner of Social Security denying her application for disability benefits. Rainey does not present any arguments attacking the basis for the Commissioner's decision. Therefore, substantial evidence supported the Commissioner's decision and it is affirmed.

The court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is more than a mere scintilla but less than a preponderance" of evidence and is such that "a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)). The court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

An Administrative Law Judge ("ALJ") follows a five-step process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520(a).[1] *See Woods v. Kijakazi*, 32 F.4th

---

[1] Rainey filed a Title II application and a Title XVI application. (Doc. 10-3 at 16.) For purposes of this case, there are no differences between the regulations that govern the

785, 787 n.1 (9th Cir. 2022) (summarizing 20 C.F.R. § 404.1520(a)(4)). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *White v. Kijakazi*, 44 F.4th 828, 833 (9th Cir. 2022). The first step in the process evaluates whether the claimant is "doing substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If an individual is engaged in "substantial gainful activity," there is no need to continue to any of the other steps because an individual performing "substantial gainful activity" is "not disabled regardless of [her] medical condition or [her] age, education, and work experience." 20 C.F.R. § 404.1520(b).

"Substantial gainful activity" is defined as "work activity that involves doing significant physical or mental activities" for "pay or profit."[2] 20 C.F.R. § 404.1572(a), (b). The "primary consideration" when determining if an applicant has performed substantial gainful activity is the applicant's earnings derived from work activity. 20 C.F.R. § 404.1574(a)(1). Earnings above a specified amount results in a presumption that the applicant has engaged in substantial gainful activity. 20 C.F.R. § 404.1574(b)(2); *see also Keyes v. Sullivan*, 894 F.2d 1053, 1056 (9th Cir. 1990) ("[T]here is a presumption of substantial gainful employment if the applicant earns over the amount specified in the guidelines."). If an applicant earns over the applicable amount, she may rebut the presumption "with evidence of [her] inability to be self-employed or to perform the job well, without special assistance, or for only brief periods of time." *Keyes*, 894 F.2d at 1056.

The income amount that triggers the presumption of substantial gainful activity changes over time. For 2020, the monthly limit was $1,260 and for 2021 the monthly limit was $1,310. Substantial Gainful Activity, available at https://www.ssa.gov/OACT/COLA/sga.html (last visited October 23, 2024). Relying on

---

different types of applications. The court cites only to the regulations regarding Title II applications.

[2] Earnings derived from activities may not qualify for application of the presumption if those earnings resulted from the applicant "working in a sheltered or special environment." 20 C.F.R. § 404.1574(a)(3). Sheltered or special environments are working arrangements "for individuals with disabilities in a protected environment under an institutional program." *Jessica J. v. Comm'r of Soc. Sec.*, No. 4:18-CV-05048-JTR, 2019 WL 1560470, at *4 (E.D. Wash. Feb. 11, 2019). The ALJ concluded Rainey's earnings were not from work in such an environment and Rainey does not challenge that finding.

Rainey's "certified earnings record," the ALJ found Rainey had earned $20,383.07 during 2020, $4,199.00 in the first quarter of 2021, $9,200.00 in the second quarter of 2021, and $4,740.00 in the fourth quarter of 2021. (Doc. 10-3 at 20; Doc. 10-10 at 45.) Rainey's earnings for 2020 exceeded the presumptive limit of $15,120 ($1,260 times 12).[3] As for 2021, the ALJ gave Rainey "the benefit of the doubt" and divided her total earnings for each quarter in 2021 by three. (Doc. 10-3 at 21.) Based on that calculation, the ALJ stated Rainey's "earnings would average $1,399.66 per month in the first quarter of 2021, $3,066.66 per month for the second quarter of 2021, and $1,580.00 per month in the fourth quarter of 2021." (Doc. 10-3 at 21.) All three of those amounts were above the 2021 monthly limit of $1,310. After citing Rainey's earnings above the presumptive limit, the ALJ concluded Rainey had engaged in substantial gainful activity and was not disabled. The ALJ's decision does not reflect if Rainey attempted to rebut the presumption.

Rainey's opening brief recounts her medical conditions and argues her "history of mental health issues" have caused "disruption to [her] life on numerous occasions." (Doc. 32 at 1.) Rainey's brief provides citations to medical records supporting the existence of her medical conditions. But Rainey's brief does not address the amount of her monthly earnings and why those earnings should not have been sufficient proof of Rainey engaging in substantial gainful activity. Having reviewed the administrative record, the ALJ had sufficient evidence establishing the amount of Rainey's earnings. And the ALJ's application of the presumption based on those earnings does not contain any obvious flaws. With no arguments from Rainey on the crucial issue, the Commissioner's decision was supported by substantial evidence. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (not addressing assertion that was not argued "with any specificity in [the] briefing"); *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) (courts "will not manufacture arguments" for a party).

Accordingly,

---

[3] The ALJ's decision appears to contain a typo. The ALJ identified the annual amount as $15,720 instead of $15,120. The error was immaterial because the ALJ's limit was higher than the actual limit and Rainey's earnings were not close to the limit.

**IT IS ORDERED** the final decision of the Commissioner of Social Security is **AFFIRMED**. The Clerk of Court shall enter judgment accordingly and terminate this case.

Dated this 31st day of October, 2024.

Honorable Krissa M. Lanham
United States District Judge